IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ALLIANCE FOR NONPROFITS FOR INSURANCE,<br><br>    Plaintiff,<br>v.<br><br>LIVES UNDER CONSTRUCTION RANCH, INC. d/b/a LIVES UNDER CONSTRUCTION BOYS RANCH, a South Dakota Nonprofit Corporation, and JOHN DOE VII, an individual.<br><br>    Defendants. | Case No.: 3:25-cv-05096 |

**PLAINTIFF ALLIANCE FOR NONPROFITS FOR INSURANCE'S MOTION FOR LEAVE TO PROCEED AGAINST DEFENDANT IDENTIFIED BY PSEUDONYM**

Plaintiff, Alliance For Nonprofits For Insurance ("ANI"), by its undersigned counsel, and for its motion for entry of an order granting ANI leave to proceed in this action against an individual defendant under the defendant's assumed name, John Doe VII ("Doe"), and directing that all filings in this action so identify the individual defendant, states as follows:

**INTRODUCTION**

In this action, ANI seeks a determination of its rights and obligations under insurance policies issued to Defendant Lives Under Construction Ranch, Inc. d/b/a Lives Under Construction Boys Ranch ("LUC") in connection with a lawsuit filed by Doe against LUC in the Circuit Court for the 39th Judicial Circuit, Stone County, Missouri, styled *John Doe VII v. Lives Under Construction Boys Ranch, Inc.*, Case No. 24SN-CC00364 (the "Underlying Action"). ANI filed its Complaint in this Declaratory Judgment Action (the "Complaint") against LUC and Doe on November 18, 2025. ECF No. 1. In its Complaint, ANI asserts that LUC failed to provide timely notice of the Underlying Lawsuit under the subject policies and failed to cooperate with ANI-

appointed defense counsel, resulting in a default judgment being entered against LUC. ANI further asserts that it has no obligation to indemnify LUC with respect to the default judgment.

ANI does not assert any claims against Defendant Doe in the Complaint and Doe has been named in this action as a defendant in this action solely as a necessary and indispensable party.

In connection with the filing of his Petition in the Underlying Action, Doe also filed a Motion for Identity Protective Order, in which he sought leave to file the Underlying Action as "John Doe VII" on the basis that the Petition asserts in pertinent part "specific allegations related to [Doe's] claims of sexual assaults and sexual abuse." See Motion for Identity Protective Order, a true and correct copy of which is attached hereto as **Exhibit A**, at ¶ 2. The Motion for Identity Protective Order was granted on November 1, 2024. A true and correct copy of the Identity Protective Order entered in the Underlying Action is attached hereto as **Exhibit B**.

The same bases to protect Doe's identity that exist in the Underlying Action exist in this case. Accordingly, ANI respectfully seeks entry of an order granting ANI leave to proceed in this action against the single individual defendant under the defendant's assumed name, John Doe VII, and directing that all filings in this action so identify the individual defendant.

## STANDARD OF DECISION

Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint shall state the names of all the parties. Fed. R. Civ. P. 10. Despite the strong presumption against allowing parties to use a pseudonym, courts have "recognized an exception to the requirement that parties' names be stated in the case caption for various reasons, including limited 'matters of a sensitive and highly personal nature.'" *W.G.A. v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D. Mo. 1999) (*citing Heather K. v. City of Mallard*, Iowa, 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)). "In cases involving intensely personal matters, 'the normal practice of disclosing the parties' identities yields

to a policy of protecting privacy.'" *In re Ashley Madison Customer Data Sec. Breach Litig.,* No. 2669, 2016 WL 1366616, at *3 (E.D. Mo. Apr. 6, 2016) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)).

Courts generally allow plaintiffs to proceed under a pseudonym in cases involving allegations of sexual abuse and assault because of the highly sensitive and personal subjects involved (*see Ashley Madison,* 2016 WL 1366616, at *3 (discussing examples)) and have identified several circumstances in which such an exception may apply: (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading. *See e.g. Doe H.M. v. St. Louis Cnty.,* No. 4L07-CV-2116CEJ, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008) (permitting use of pseudonym in case involving child sexual abuse).

## **ARGUMENT**

Permitting ANI to identify the individual defendant in this action by reference to the defendant's assumed name, John Doe VII, is warranted because the Underlying Action contains allegations, which are referenced in ANI's Complaint, which are of the "utmost intimacy" and which involve the alleged sexual abuse of a minor.

The *Doe H.M.* case is instructive. Similar to this case, the plaintiff in *Doe H.M.* had been granted leave to proceed under a pseudonym in a separate action. 2008 WL 151629, at *1. As in that case, the individual defendant Doe in this case has previously argued that use of a pseudonym is necessary because of his alleged history of sexual abuse. See Ex. A, at ¶ 2. ANI therefore appeals to the Court to exercise its discretion and grant this Motion. *See Priority Pharmacy*, 184 F.R.D. at 617 (the decision whether to permit a party to proceed anonymously is within a court's discretion).

3

ANI brings this Motion in good faith and no party will be prejudiced by the relief sought in this Motion. To the contrary, there is a reasonable likelihood that Doe may suffer harm if this Motion is not granted. See Ex. A, at ¶ 4 (citing harm to Doe should his "identity be made available to the general public and not restricted to those having a legitimate interest in this litigation.").

## CONCLUSION

Plaintiff, Alliance for Nonprofits for Insurance, hereby respectfully requests the entry of an order granting this Motion, allowing ANI to proceed in this action against the single individual defendant under the defendant's assumed name, John Doe VII, directing that all filings in this action so identify the individual defendant, and granting any further relief the court deems just and appropriate.

Dated: November 18, 2025          Respectfully Submitted,

By:     /s/     Philip C. Graham
Philip C. Graham, #40345MO
Adrianna J. Northrop, #76840MO
SANDBERG PHOENIX & VON GONTARD, P.C.
701 Market St., Ste. 600
St. Louis, MO 63101
Phone: (314) 231-3332
Fax: (314) 241-7604
*Attorneys for Alliance for Nonprofits for Insurance*

.